[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Defendant-appellant, Jesse Paige, appeals the judgment of the Hamilton County Juvenile Court ordering him to pay child support to plaintiff-appellee, Sandra Nelson. For the following reasons, we affirm the judgment.
In 1998, Paige was found to be the father of two children borne by Nelson. He was ordered to pay support based upon imputed income of $28,000 per year. Then, in July 2000, the Hamilton County Child Support Enforcement Agency sought a hearing to determine if the amount of support should be increased. After a hearing before a magistrate and the filing of objections, the juvenile court ordered Paige to pay support based on an imputed annual income of $33,600.
On appeal, Paige now argues that the juvenile court erred in imputing his income at $33,600. R.C. 3113.215(A)(5)(a) provides that a court may base an order for child support on "[i]mputed income that the court or agency determines the parent would have earned if fully employed as determined from the parent's employment potential and probable earnings based on the parent's recent work history, the parent's occupational qualifications, and the prevailing job opportunities and salary levels in the community in which the parent resides."[1] A trial court's decision with respect to child support will not be reversed absent an abuse of discretion.[2] The term "abuse of discretion" means more than a mere error of law or judgment; it implies that the trial court's decision is arbitrary, unreasonable, or unconscionable.[3]
In the case at bar, we find no abuse of discretion in the trial court's decision. Paige himself conceded that he had recently earned as much as $40,000 as an automobile mechanic. Although he presented evidence that his income had decreased since he had opened his own automotive-repair business, the trial court could have reasonably concluded, pursuant to R.C. 3113.215(A)(5)(a), that his earning potential was greater than that reflected in his actual earnings.[4] In any event, we cannot say that the trial court's imputation of income in an amount less than that reflected in Paige's recent work history was unreasonable, arbitrary, or unconscionable. The assignment of error is accordingly overruled, and the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Hildebrandt and Winkler, JJ.
[1] This is the version of the statute that was in effect at the time of the support proceedings.
[2] Arcuri v. Arcuri (Nov. 3, 2000), Hamilton App. No. C-990802, unreported.
[3] Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219,450 N.E.2d 1140, 1142.
[4] The juvenile court actually based its $33,600 figure on the increase in gross income for Paige's business. Paige argues that this method of computation was flawed and failed to reflect his own income from the business. But we find no prejudice to have resulted from the court's alleged error, given Paige's admission that his earning potential was as great as $40,000 per year.